1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| INFLUENCE ENTERTAINMENT, INCORPORATED, | 2:07-CV-462 JCM (LRL) |
| Plaintiff, | Date: N/A<br>Time: N/A |
| v. | |
| 3765 HOLDING, LLC, et al., | |
| Defendants. | |

### ORDER

Presently before the court is plaintiff's motion for reconsideration (Doc # 32), filed on September 28, 2007. Defendants did not file a response.

On August 29, 2007, the court ordered default judgement against defendant 3675 Holding d/b/a Empire Ballroom and defendant Daniel J. Makovsky. (*See* Doc. # 31). The judgment included an award for the unreimbursed deposit sum of $200,000 as well as for prejudgment and postjudgment interest. (*See id.*). The court, however, refused to order a contractual penalty of $20,000 per week ($2,857.14 per day) on the unreimbursed deposit sum of $200,000, as requested by the plaintiff. (*See* Doc. # 29).

Plaintiff's motion for reconsideration (Doc. # 32) requests that the court now enter an amended order of default judgment, providing for the above-stated contractual penalty. (*See id.*). In alternative, plaintiff requests that the court amend its previous order to provide for attorney's fees. (*See id.*).

1    The court will not amend its previous order (Doc. # 31) to provide for the contractual penalty
2    requested by plaintiff. Under Nevada law, "[i]t is fundamental that contract damages are prospective
3    in nature and are intended to place the nonbreaching party in as good a position as if the contract had
4    been performed." *Colorado Environments, Inc. v. Valley Grading Corp.*, 105 Nev. 464, 471 (1989)
5    (*citing Lagrange Construction, Inc. v. Kent Corp.*, 88 Nev. 271 (1972)). The court finds its
6    judgment, which included an award for the unreimbursed deposit sum of $200,000 as well as for
7    prejudgment and postjudgment interest, is an appropriate remedy in the instant matter.

8    The court cannot award attorney's fees without proper documentation of the fees and costs
9    expended in the case. *See* Local Rule 56-16(b), ©; Fed. R. Civ. P. 54(d)(2)(B). Thus, plaintiff must
10   submit a formal motion with proper documentation for the court to consider whether to award
11   attorney's fees.

12   UPON CONSIDERATION of plaintiff's motion and the papers and pleadings on file in this
13   matter,

14   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for
15   reconsideration (Doc. # 32) be, and the same hereby is, DENIED.

16   DATED this 20th day of November, 2007.

**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 2 -