UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| INFLUENCE ENTERTAINMENT, INC., | Case No. 2:07-CV-462 JCM (LRL) |
| Plaintiff(s), | ORDER |
| v. | |
| 3765 HOLDING, LLC, et al. , | |
| Defendant(s). | |

Presently before the court is defendants 3765 Holding, LLC dba Empire Ballroom and Edward J. Rudiger's (collectively "defendants") motion to set aside the default judgment against them. (ECF No. 114). Plaintiff Influence Entertainment responded in opposition (ECF No. 115) to which defendants replied (ECF No. 117).

Also before the court is defendants' motion to strike Influence Entertainment's request for leave to file a surreply. (ECF No. 119). Influence Entertainment did not respond and the time to do so has passed.

I.   **BACKGROUND**

This breach of contract case is now a dispute over the judgment renewal process. Influence Entertainment rented the Empire Ballroom in February 2007. (Mot. for Default J., ECF No. 105 at 2). It made a $250,000 pre-event deposit which defendants agreed to refund if a bar guarantee was met. (*Id.*). Influence Entertainment met the bar guarantee yet one of the personal guarantors of the rental contract eventually refunded only $50,000. (*Id.*).

Influence Entertainment sued for the remaining $200,000 of the deposit. (*Id.*). Many defendants did not answer the complaint and default judgments were entered against them. (ECF Nos. 31, 60). The default judgment at issue was entered against Empire Ballroom and

James C. Mahan
U.S. District Judge

1  Rudiger for $1,928,571.43, which included the remaining $200,000 of the deposit plus a fast-
2  growing contractual penalty sum.  (ECF No. 109).  This default judgment was entered on
3  April 9, 2009.  (*Id.*).  Influence Entertainment filed an affidavit of renewal of the judgment
4  ("renewal affidavit") on December 10, 2014 (ECF No. 110) and then again on December 28,
5  2020.  (ECF No. 111).  Defendants now move to set aside the default judgment, arguing that
6  Influence Entertainment did not comply with various aspects of the judgment renewal
7  process.  (ECF No. 114).

## II.  LEGAL STANDARD

Judgment creditors in Nevada have six years to enforce their judgments.  Nev. Rev. Stat. § 11.190(1)(a) (six-year statute of limitations for actions upon a judgment "or the renewal thereof").  If a judgment remains unsatisfied after six years, the judgment creditor may renew the judgment for another six years.  Nev. Rev. Stat. § 17.214.  "NRS 17.214 requires a judgment creditor to timely file, record (when the judgment to be renewed is recorded), and serve his or her affidavit of renewal to successfully renew a judgment." *Leven v. Frey*, 168 P.3d 712, 719 (Nev. 2007).  The judgment creditor must file a renewal affidavit *within* the 90 days before the six-year statute of limitations on the judgment expires.  Nev. Rev. Stat. § 17.214(1).  And "[s]uccessive affidavits for renewal may be filed within 90 days before the preceding renewal of the judgment expires by limitation."  Nev. Rev. Stat. § 17.214(4).  A judgment creditor's lack of "strict compliance" with the "unambiguous" renewal process causes the judgment to expire by operation of law.  *Leven*, 168 P.3d at 715, 719.

## III.  DISCUSSION

### A.  Defendants' Motion to Set Aside the Default Judgment

The parties dispute when the renewed default judgment's second six-year statute of limitations period began.  This dispute determines whether Influence Entertainment's second renewal affidavit was filed before the second six-year limitations period expired.  Influence Entertainment contends that "reading NRS 11.190, NRS 17.150, and NRS 17.214 . . . together, it is clear that filing an affidavit of renewal of judgment renews the

**James C. Mahan**
**U.S. District Judge**

- 2 -

judgment for an additional six years **from the date the preceding judgment is set to expire**" and not "**from the date of filing of the previous affidavit**" as defendants would have it. (ECF No. 115 at 4 (emphasis added)). That is, Influence Entertainment says the second six-year limitations period began on April 9, 2015, while defendants say it began on December 10, 2014.

The court does not have to decide between these dueling interpretations of Nevada statutes. Even under Influence Entertainment's reading, there is an inescapable conclusion: It filed its first renewal affidavit *before* the NRS 17.214(1) 90-day window. That is, the $1.9 million default judgment was entered on April 9, 2009. (ECF No. 109). A first renewal affidavit had to be filed *before* April 9, 2015 but *after* January 11, 2015. Influence Entertainment prematurely filed its first renewal affidavit on December 10, 2014. (ECF No. 110). This noncompliance with the strict renewal process caused the default judgment to expire after the six-year limitations period on April 9, 2015. *Leven*, 168 P.3d 712 at 719.

And what's more is that under Influence Entertainment's reading, its *second* affidavit was filed before the *second* 90-day window too. That is, the second six-year limitations period began *arguendo* on April 9, 2015 and ended on April 9, 2021, marking January 9, 2021 as the start of the second 90-day window. Influence Entertainment prematurely filed its second renewal affidavit on December 28, 2020. (ECF No. 111). And in a last attempt at timely filing in a 90-day window, it filed a third renewal affidavit on February 8, 2021. (ECF No. 116). But the court does not have to determine the effect of the third renewal affidavit—i.e., whether it cured the premature second renewal affidavit—because, as discussed, the first renewal affidavit was premature, causing the default judgment to expire after the first six-year limitations period on April 9, 2015.

In setting aside the default judgment here, the court finds support in the Ninth Circuit Bankruptcy Appellate Panel's decision in *Romano*. *In re Romano*, No. ADV. 92-02265, 2008 WL 8462950 (B.A.P. 9th Cir. Oct. 24, 2008). The court there rejected an argument that the judgment debtors waived their right to challenge a premature first renewal affidavit under

**James C. Mahan**
**U.S. District Judge**

- 3 -

Rule 60 almost six years later when challenging a second renewal affidavit. *Id.* at *4.[1] In doing so, it affirmed the bankruptcy court's ruling that the first renewal affidavit was filed before the 90-day window which caused the judgment to expire after the first six-year limitations period. *Id.* at *3. Likewise, because Influence Entertainment's first renewal affidavit was filed before the NRS 17.214(1) 90-day window, defendants' motion to set aside the default judgment against them is GRANTED.

### B. Defendants' Motion to Strike Influence Entertainment's Request for Leave to File a Surreply

The court strikes Influence Entertainment's "objection" to defendants' reply which is best construed as a request for leave to file a surreply. (ECF No. 118). Influence Entertainment asks the court to "not consider the new '90-day window' argument in [d]efendants' reply, which asserts that the first and second affidavits were filed prematurely." (*Id.* at 2). Surreplies are permitted only with leave of court. LR 7-2(b). They are disfavored as they "typically constitute[ ] a party's improper attempt to have the last word on an issue." *FNBN-RESCON I LLC v. Ritter*, No. 2:11-cv-1867-JAD-VCF, 2014 WL 979930, at *6 (D. Nev. Mar. 12, 2014) (citation omitted). Courts in this district allow surreplies "only to address new matters . . . to which a party would otherwise be unable to respond." *Id.* (citation omitted).

To start, Influence Entertainment did not attach a proposed surreply for the court to consider. Nonetheless, Influence Entertainment was not blindsided with a new argument that warrants a surreply. In the factual recitation in their motion, defendants recount: "On December 10, 2014, more than 90 days before the judgment expired, plaintiff renewed the judgment by filing a renewal affidavit." (ECF No. 114 at 2). And the court agrees with defendants—albeit weakly—that their first 90-day window argument is not a new argument but "a counterpoint . . . to plaintiff's admission" that its second renewal affidavit may have been filed before the second 90-day window. (ECF No. 119 at 3). Still, the court struggles

---

[1] The judgment creditors asserted that challenging the timeliness of a first renewal affidavit 6 years after its filing was not "within a reasonable time" as required by Rule 60(c).

to forecast a persuasive argument that could excuse Influence Entertainment's noncompliance with the strict judgment renewal process given *Leven* and *Romano*. Defendants' motion to strike Influence Entertainment's request for leave to file a surreply (ECF No. 119) is GRANTED.

## IV.     CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to strike (ECF No. 119) be, and the same hereby is, GRANTED.  The clerk shall STRIKE ECF No. 118 from the docket.

IT IS FURTHER ORDERED that defendants' motion to set aside the default judgment against them (ECF No. 114) be, and the same hereby is, GRANTED.  The default judgment at ECF No. 109 is SET ASIDE.

DATED July 23, 2021.

UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**