UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| INFLUENCE ENTERTAINMENT, INC., | Case No. 2:07-CV-462 JCM (LRL) |
| Plaintiff(s), | ORDER |
| v. | |
| 3765 HOLDING, LLC, et al. , | |
| Defendant(s). | |

Presently before the court is defendants 3765 Holding, LLC dba Empire Ballroom and Edward J. Rudiger's (collectively "defendants") motion on remand to declare the default judgment against them lapsed or expired. (ECF No. 129). Plaintiff Influence Entertainment responded in opposition (ECF No. 130) to which defendants replied (ECF No. 132).[1]

I. **BACKGROUND**

This breach of contract case has developed into a dispute over the judgment renewal process. Plaintiff rented the Empire Ballroom in February 2007. (ECF No. 105 at 2). It made a $250,000 pre-event deposit which defendants agreed to refund if a bar guarantee was met. (*Id.*) Plaintiff met the bar guarantee yet one of the personal guarantors of the rental contract eventually refunded only $50,000. (*Id.*)

Plaintiff sued for the remaining $200,000 of the deposit. (*Id.*) Many defendants did not answer the complaint and default judgments were entered against them. (ECF Nos. 31, 60). The default judgment at issue was entered against Empire Ballroom and Rudiger for $1,928,571.43,

---

[1] Also before the court is plaintiff's request to take judicial notice (ECF No. 131) of previous filings in this case (ECF Nos. 110–111). Defendants do not oppose that request, and this court GRANTS it.

**James C. Mahan**
**U.S. District Judge**

1  which included the remaining $200,000 of the deposit plus a fast- growing contractual penalty
2  sum. (ECF No. 109). This default judgment was entered on April 9, 2009. (*Id.*) Plaintiff filed
3  an affidavit of renewal of the judgment ("renewal affidavit") on December 10, 2014 (ECF No.
4  110) and then again on December 28, 2020. (ECF No. 111).

5  Defendants moved to set aside the default judgment, arguing that Influence Entertainment
6  did not comply with various aspects of the judgment renewal process. (ECF No. 114). This
7  court granted that motion and set aside the default judgment on July 23, 2021. (ECF No. 120).
8  Plaintiff appealed that order. (ECF No. 121).

9  On appeal, the Ninth Circuit reversed and remanded after it determined that defendants
10 did not demonstrate entitlement to relief from judgment under Federal Rule of Civil Procedure
11 60(b). *See* (ECF No. 124). Thus, it was improper for this court to "set aside" the default
12 judgment rather than "simply declaring it lapsed or expired." (*Id.*) On remand, this court
13 entered an order vacating its previous decision and inviting defendants to submit a motion for the
14 court to consider pursuant to the Ninth Circuit's guidance. (ECF No. 128).

15 **II.    LEGAL STANDARD**

16 Judgment creditors in Nevada have six years to enforce their judgments. Nev. Rev. Stat.
17 § 11.190(1)(a) (six-year statute of limitations for actions upon a judgment "or the renewal
18 thereof"). If a judgment remains unsatisfied after six years, the judgment creditor may renew the
19 judgment for another six years. Nev. Rev. Stat. § 17.214. "NRS 17.214 requires a judgment
20 creditor to timely file, record (when the judgment to be renewed is recorded), and serve his or
21 her affidavit of renewal to successfully renew a judgment." *Leven v. Frey*, 168 P.3d 712, 719
22 (Nev. 2007). The judgment creditor must file a renewal affidavit *within* the 90 days before the
23 six-year statute of limitations on the judgment expires. Nev. Rev. Stat. § 17.214(1). And
24 "[s]uccessive affidavits for renewal may be filed within 90 days before the preceding renewal of
25 the judgment expires by limitation." Nev. Rev. Stat. § 17.214(4). A judgment creditor's lack of
26 "strict compliance" with the "unambiguous" renewal process causes the judgment to expire by
27 operation of law. *Leven*, 168 P.3d at 715, 719.
28 . . .

**James C. Mahan**
**U.S. District Judge**

### III. DISCUSSION

Under the law of the case doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1992), *cert. denied* 508 U.S. 951 (1993). A court holds discretion to depart from the law of the case if: (a) the first decision was clearly erroneous; (b) an intervening change in the law has occurred; (c) the evidence is substantially different; (d) other changed circumstances exist; or (e) manifest injustice would otherwise result. *See United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998).

The Ninth Circuit's memorandum disposition dealt with the form of the judgment, not the substance. It expressed concern with the fact that defendants did not meet the extraordinary showing required by Rule 60(b) to "set aside" a default judgment, and it remanded for the court to provide relief through the correct vehicle—declaring the judgment lapsed or expired rather than setting it aside entirely. *See* (ECF No. 124). This seemingly semantic difference is important because a default judgment may be *set aside* only under Rule 60(b), which requires a showing of evidence defendant has not made. *See* Fed. R. Civ. Pro. 55(c), 60(b).

The memorandum disposition does not address the substance of this court's decision. It states that this court "erred in setting aside the default judgment rather than simply declaring it lapsed or expired" (ECF No. 124 at 4). This court now corrects that error.

This court's previous orders have determined that the judgment renewals were premature and noncompliant with Nevada's strict judgment renewal process. (ECF No. 120 at 3). "When a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court." *United States v. Luong*, 627 F.3d 1306, 1309 (9th Cir. 2010) (quoting *Firth v. United States*, 554 F.2d 990, 993 (9th Cir.1977)). Pursuant to the law of the case doctrine, the court will not now revisit its findings, particularly since the Ninth Circuit did not disturb or otherwise address them in the memorandum disposition. *See id.; Thomas*, 983 F.2d at 154.

**James C. Mahan**
**U.S. District Judge**

The court readopts the conclusions it reached in section III.A of the later-vacated order on default judgment (ECF No. 120) with the express correction that the judgment is no longer "set aside" but is now declared <u>lapsed</u>, as the Ninth Circuit instructed.

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to declare the default judgment lapsed or expired (ECF No. 129) be, and the same hereby is, GRANTED.  The default judgment is declared lapsed.

DATED January 27, 2023

                                                                                                                                                                         _____
                                                                     UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**